UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF EXPOSED ROOF DESIGN, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2293** |
| **TANDEM ROOFING, LLC, ET AL.** | **SECTION "O"** |

### ORDER AND REASONS

Before the Court is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendants Markel Insurance Company (Markel), E&F Construction, a JV (E&F), and SureTec Insurance Company (SureTec), collectively here the "Defendants," to dismiss Plaintiff Exposed Roof Design, LLC's (Exposed's) Miller Act claim[2] against them. Defendants' motion, which Exposed opposes,[3] presents two narrow issues. First, Defendants claim that the case against Markel should be dismissed because Markel is not a surety subject to E&F's payment bond. This claim has merit. Second, Defendants claim that the case against E&F and SureTec should be dismissed because Exposed has not sufficiently stated a cause of action under the Miller Act. This claim does not have merit. For the reasons that follow, Defendants' Rule 12(b)(6) motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

---

[1] ECF No. 28.
[2] ECF No. 19.
[3] ECF No. 31. Defendants filed a reply. ECF No. 35.

## I.   BACKGROUND

This case arises from a dispute over a project to repair and replace the roof at the Naval Air Station Joint Reserve Base New Orleans in Belle Chasse, Louisiana.[4] The Department of Navy selected E&F as the "prime contractor" on the project.[5] In turn, E&F contracted with Tandem Roofing, LLC (Tandem), a commercial and industrial roofing company, to provide roofing materials and perform limited roofing work.[6] Tandem then entered into a subcontract with Exposed, whereby Exposed agreed to supply labor for the project.[7]

Because the project involved work on public buildings, it was subject to certain requirements under the Miller Act, 40 U.S.C. § 3131, *et seq*.[8] One such requirement was for E&F, as general contractor, to secure payment and performance bonds in anticipation of work on the project.[9] So E&F executed a payment bond with SureTec, acting as surety, whereby the parties bound themselves jointly and severally in the amount of $1,269,157 to secure the prompt payment to all persons "furnishing labor, material or both in the prosecution of the work" on the project.[10] Exposed alleges, in its first amended complaint, that this bond also obligates Markel as a surety.[11]

Exposed alleges that, soon after it began work on the project, it "became clear" that Tandem was failing in its management of the roofing installation.[12] Exposed

---

[4] *See generally* ECF No. 19.
[5] *Id.* ¶¶ 1, 14.
[6] *Id.* ¶¶ 14–17.
[7] *Id.* ¶ 19; ECF No. 19-1.
[8] ECF No. 19 ¶ 35.
[9] *Id.*
[10] *Id.* ¶ 36; ECF No. 19-7.
[11] ECF No. 19 ¶ 36.
[12] *Id.* ¶ 22.

performed work on the project from September 12, 2022 to October 7, 2022, after which it determined that the project was far from complete "due to Tandem's inability to provide adequate roofing materials."[13] Exposed claims that Tandem informed Exposed that it did not have sufficient funds to pay Exposed for its work.[14] Consequently, on November 15, 2022, Exposed sent a letter via Certified Mail Return Receipt Requested to E&F, "notif[ying] E&F of its claim on the Project in the principal amount of $327,238.28."[15]

Exposed brings this action against Tandem, E&F, Markel, and SureTec to recover the unpaid balance it is owed and additional damages in bringing this suit.[16] Specifically, Exposed brings claims against Tandem for breach of contract, a violation of the Texas Prompt Payment Act, and quantum meruit; and it brings a claim against E&F, Markel, and SureTec under the Miller Act.[17]

Defendants Markel, E&F, and SureTec now move to dismiss Exposed's Miller Act claim under Rule 12(b)(6).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

---

[13] *Id.* ¶ 23.
[14] *Id.* ¶ 26.
[15] *Id.* ¶¶ 27, 39. ECF No. 19-3.
[16] ECF No. 19.
[17] *Id.*

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). The Court also "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III. ANALYSIS

Defendants Markel, E&F, and SureTec raise two arguments in their 12(b)(6) motion. First, Defendants assert that Exposed fails to state a sufficient Miller Act claim against Markel because only SureTec, not Markel, is listed as a surety on the payment bond.[18] Second, Defendants assert that Exposed's Miller Act claim against E&F and SureTec fails because Exposed has not pleaded facts sufficient to show Exposed's compliance with the Miller Act's notice requirement.[19] The Court takes each argument in turn.

### A. Exposed Fails to State a Viable Claim Against Markel

Defendants claim that Exposed has not asserted a Miller Act claim against Markel because Markel is not listed as a surety on the payment bond. The Court agrees.

---

[18] ECF No. 28-1 at 3.
[19] *Id.* at 3–5.

4

"Generally, an agreement of suretyship must be in writing and must be explicit." 74 Am. Jur. 2d Suretyship § 9. *Accord Express Blower, Inc. v. Earthcare, LLC*, 410 F. App'x 742, 745 (5th Cir. 2010) (citing Louisiana law requiring a suretyship to be express and in writing).[20] "The duties of the [surety] to the obligee, and of the obligee to the [surety], are those existing pursuant to the contract creating the [payment bond] obligation." Restatement (Third) of Suretyship & Guaranty § 17 (1996). To be sure, this obligation, "in order to be binding, must be signed by the surety." 74 Am. Jur. 2d Suretyship § 14.

Exposed does not dispute that *SureTec*, not *Markel*, is the issuing surety on the payment bond. Indeed, Markel's name does not appear on the bond itself.[21] Exposed argues instead that Markel is liable as a surety because Markel acted as an "apparent agent" of SureTec.[22] Exposed bases this claim on two alleged facts: (1) that Markel "owns SureTec," and (2) that a person purportedly working for both SureTec and Markel engaged in an email exchange regarding the payment bond.[23] Exposed argues that, based on these facts, Markel "had authority to administer Exposed's claim" and thus cannot "seek to avoid responsibility" as a surety.[24]

---

[20] Defendants cite Louisiana surety law in support of its motion. However, the Miller Act provides a federal cause of action, and the "scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." *J&B Boat Rental, LLC v. JAG Const. Servs., Inc.*, No. 12-CV-323, 2015 WL 2376004, at *4 (E.D. La. May 18, 2015) (quoting *F.D. Rich Co. v. U.S. for Use of Indust. Lumber Co.*, 94 S.Ct. 2157, 2164 (1974)). "[G]eneral rules of suretyship law apply to Miller Act cases" to the extent such principles do not conflict with the Miller Act's terms and purpose. *Id.* (quoting *U.S. for Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1206 (9th Cir. 2002). Here, the Court applies general principles of suretyship to its review of the payment bond, to the extent such principles do not disagree with the Miller Act's terms.
[21] ECF No. 19-7.
[22] ECF No. 31 at 12–14.
[23] *Id.*
[24] *Id.*

The Court is not convinced. For starters, Exposed's first amended complaint makes no mention of Markel's ownership of SureTec.[25] The first reference to Markel's ownership of SureTec comes in Exposed's response to Defendants' motion to dismiss, wherein Exposed provides a link to a press release purportedly announcing Markel's acquisition of SureTec.[26] Because Markel's ownership of SureTec was not pleaded in the first amended complaint, the Court is unable to consider that fact. "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true[.]" *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). But that general rule is subject to two exceptions: The Court "may rely on evidence outside the complaint, without converting a Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). Neither of those exceptions applies here. No party asks the Court to take judicial notice of Markel's ownership of SureTec. And the press release cited in Exposed's response to the 12(b)(6) motion is not "referred to" in the complaint. *Id.* Nor has Exposed argued that the press release is "central to" Exposed's claims. *Id.* So

---

[25] The first amended complaint describes Markel as "an insurance company with its principal place of business" in Glen Allen, Virginia, and SureTec as "an insurance company with its principal place of business" in Houston, Texas. ECF No. 19 ¶¶ 8–9.

[26] ECF No. 31 at 12 n.34.

6

Exposed has not convinced the Court that it may rely on Markel's alleged ownership of SureTec to resolve the Rule 12(b)(6) motion.

Exposed is then left with just the email string—which was attached to the first amended complaint, and thus can be considered by the Court—to prove Markel's agency over SureTec.[27] That string includes two emails from an individual whose email signature block references both Markel and SureTec. Exposed claims that these emails permit the Court to deduce that Markel "acted as an apparent agent of SureTec" or "had authority to administer Exposed's claims," justifying the Miller Act claim against Markel. The Court is not persuaded to draw that conclusion based solely on the email string. Even so, Exposed cites no authority to justify obligating Markel for a payment bond issued and signed by a different entity—not by Markel—based on agency principles. And Exposed cites no comparable Miller Act case where an "apparent agent" of a surety was deemed responsible for a suretyship to which the agent was not a party. Because there is no written agreement obligating Markel as a surety, and Exposed has not pleaded sufficient facts showing Markel assumed a surety obligation as an agent of SureTec, Markel is not liable under the payment bond. And thus, Exposed fails to plead sufficient facts to support a claim against Markel, warranting its dismissal from the case.

### B. Exposed States a Viable Claim Against E&F and SureTec

Defendants next move to dismiss Exposed's Miller Act claim against E&F and SureTec because, according to Defendants, Exposed does not sufficiently plead facts

---

[27] ECF No. 19-5.

7

showing its compliance with the Miller Act's notice requirements.[28] Because this case comes to the Court on Defendants' 12(b)(6) motion to dismiss, the Court must accept as true all well-pled facts and view such facts in a light most favorable to Exposed. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In doing so, on the limited record before it, the Court concludes that Exposed has pled facts sufficient to maintain a Miller Act claim against E&F and SureTec.

The Miller Act requires that a plaintiff wishing to proceed on a construction bond give written notice of such intent within ninety days of the "last delivery of labor or material." *See* 40 U.S.C. § 3133(b); *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 173 n.6 (5th Cir. 1973).[29] This notice requirement is a "condition precedent to a supplier's right to sue on the payment bond." *Liles Const. Co. v. United States*, 415 F.2d 889, 890 (5th Cir. 1969).

Federal Rule 9 applies a special rule to the pleading of conditions precedent. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c). Plaintiffs are not, at the motion to dismiss stage, required to prove that they have *met* applicable pre-suit notice requirements. That determination is "a fact-bound issue ill-suited for

---

[28] ECF No. 28-1 at 3–5; ECF No. 19-3.
[29] The Miller Act provides, in relevant part:
> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.

40 U.S.C. § 3133(b)(2).

8

resolution on a motion to dismiss." *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 749 (N.D. Tex. 2023). *Accord Breazell v. Permian Trucking & Hot Shot, LLC*, No. 7:15-cv-199-XR, 2017 WL 57877, at *3 n.3 (W.D. Tex. Jan. 5, 2017) (citing the holding in *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 112 (3d. Cir. 2014), that "pleading standards for receipt of a right to sue letter are governed by Rule 9(c)'s standard for conditions precedent and are not altered by *Iqbal* and *Twombly*, which interpreted Rule 8(a)").

Here, Exposed alleges in its first amended complaint that it "notified E&F" of its Miller Act claim "[o]n or about November 15, 2022, by letter sent via Certified Mail Return Receipt[.]"[30] Exposed also alleges more generally that "[a]ll conditions precedent to the bringing of this lawsuit have been performed or occurred, or have been waived."[31] Exposed is not required to plead its compliance with the Miller Act notice requirements with any greater specificity. *See United States v. The Naylor Companies, LLC*, No. SA:14-CV-95-OLG, 2014 WL 12586776, at *3 (W.D. Tex. Apr. 14, 2014) (finding that while a "supplier must state in the complaint that [Miller Act] notice was given," this statement can be "terse"); *U.S. ex rel. Concrete Placement, Inc. v. St. Paul Fire & Marine Ins. Co.*, CIV. A. 05–480S, 2006 WL 2171615 (D.R.I. July 31, 2006) (holding that a supplier's statement that it had "satisfied all conditions precedent prior to timely commencing this action" was sufficient to allege that Miller

---

[30] ECF No. 19 ¶ 39; ECF No. 19-3. Exposed claims—without objection from Defendants—that it "supplied the Project with labor within the last year, including on or around November 4, 2022." ECF No. 19 ¶ 37. Accepting that fact as true, Exposed's Miller Act notice was mailed within 90 days from its performance of work on November 4.
[31] *Id.* ¶ 65.

Act notice was given). *See also Probado Techs. Corp. v. Smartnet, Inc.*, No. CIV.A. C-09-349, 2010 WL 2232831, at *7 (S.D. Tex. June 2, 2010) (finding that requiring a plaintiff to plead "specific allegations" that all conditions have been met is not required under the Federal Rules).

To be sure, Defendants do not dispute that Exposed *mailed* notice to E&F within the Miller Act's 90-day requirement; rather, Defendants contend only that E&F did not *receive* notice within 90 days.[32] In making this claim, Defendants point to materials attached to Exposed's first amended complaint showing that a different envelope Exposed mailed to E&F via certified mail in March 2023—four months after the purported mailing of the Miller Act notice—was marked "RETURN TO SENDER, NO MAIL RECEPTABLE, UNABLE TO FORWARD."[33] Defendants ask the Court to infer that, because E&F did not receive the March 2023 envelope, it must not have received the November 2022 Miller Act notice to the same address.[34]

The Court can draw no such inference—and further, need not decide at this stage whether it would be relevant if, in fact, E&F never received the Miller Act notice. The Court assumes that Exposed has a good-faith legal and factual basis for pleading satisfaction of the timely-notice requirement, and, after discovery, Defendants are free to test the sufficiency of their claim under Rule 56. *See Equal Emp. Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 n.4 (5th Cir. 2020) (finding that a dispute over a Rule 9(c) condition precedent "may be

---

[32] ECF No. 28-1 at 4.
[33] *Id.*
[34] *Id.*

resolved only on a summary judgment motion or at trial") (quoting Wright and Miller, § 1303 Pleading Performance or Occurrence of Conditions Precedent, 5A Fed. Prac. & Proc. Civ. § 1303 (4th ed.)). Accordingly, Exposed's Miller Act claim against E&F and SureTec survives the instant motion to dismiss, and thus Defendants' motion is denied.

### IV. CONCLUSION

**IT IS ORDERED** that Defendants' motion to dismiss is **GRANTED** as to Exposed's Miller Act claim against Markel. That claim is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED** as to Exposed's Miller Act claim against E&F and SureTec.

New Orleans, Louisiana, this 4th day of April, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE